UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| CYNTHIA IRENE CREASMAN BELK, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Case No. 1:05-cv-51 |
| ) | |
| NORTHWEST GEORGIA BANK and ) | Judge Mattice |
| LAUREL SHADWICK, ) | |
| ) | |
| *Defendants*. ) | |

## MEMORANDUM

Plaintiff Cynthia Belk brings this action against Defendants Northwest Georgia Bank and Laurel Shadwick, alleging fraud, illegal banking practices, and violations of the Patriot Act.

Before the Court is Defendants' Motion for Summary Judgment. Plaintiff has not filed a response to this motion, and the Court deems Plaintiff to have waived opposition to the motion. E.D.TN. LR 7.2. The Court, however, cannot automatically grant Defendants' motion for summary judgment merely because Plaintiff has not filed a response in opposition. The Court is required to examine the record and determine whether the movants have met their burden of demonstrating the absence of a genuine issue of material fact and that they are entitled to summary judgment as a matter of law. *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998); *Wilson v. City of Zanesville*, 954 F.2d 349, 351 (6th Cir. 1992); *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991).

After reviewing the record, the Court finds that the motion for summary judgment by Defendants is well taken and will be **GRANTED**. To the extent Plaintiff asserted a claim

of negligence in her complaint, Plaintiff's negligence claim against Defendants will be **DISMISSED WITH PREJUDICE**.

**I.      STANDARD OF REVIEW**

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *National Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The Court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material facts exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To refute such a showing, the nonmoving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material factual dispute. *Id.* at 322. A mere scintilla of evidence is not enough. *Anderson*, 477 U.S. at 252; *McLean v. Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the nonmoving party. *Anderson*, 477 U.S. at 248-49; *National Satellite Sports*, 253 F.3d at 907. If the nonmoving party fails to make a sufficient showing on an essential element of its case with

respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. If the Court concludes that a fair-minded jury could not return a verdict in favor of the nonmoving party based on the evidence presented, it may enter a summary judgment. *Anderson*, 477 U.S. at 251-52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

## II. FACTS

The relevant facts, viewed in the light most favorable to Plaintiff, are as follows.

On January 8, 1999, Garth Belk ("Garth"), who was at that time the husband of Plaintiff, and his brother Derek Belk ("Derek") acquired real property located at 7644 Timber Trail, Birchwood, Tennessee (the "Birchwood property"). (Court Doc. No. 8, Hudgens Aff. ¶ 4.) On July 18, 2001, Derek conveyed this property to Garth by quitclaim deed. (Court Doc. No. 7, Belk Dep. Ex. 3; Hudgens Aff. ¶ 4.) Plaintiff was not listed as a grantee on this quitclaim deed, and Plaintiff was not deeded an interest in the property by way of any other conveyance. (Belk Dep. 28 & Ex. 3.)

Also on July 18, 2001, Garth executed a construction loan promissory note payable to Northwest Georgia Bank (the "Bank") in the amount of $200,000 that was secured by a first deed of trust conveying a portion of the Birchwood property to the bank. (*Id.* Ex. 7; Hudgens Aff. ¶ 4.) This first deed of trust was executed by both Garth and Plaintiff. (Belk Dep. Ex. 2.) The promissory note and first deed of trust were later modified (*id.* Ex. 8; Hudgens Aff. ¶ 4), and on February 26, 2002, the Bank assigned the promissory note and first deed of trust, as modified, to Mortgage Electronic Registration Systems, Inc. as nominee for Synovus Mortgage Company and its successors and assigns (Belk Dep. Ex.

-3-

9; Hudgens Aff. ¶ 4). After February 26, 2002, the Bank had no further interest in the promissory note or the first deed of trust. (Hudgens Aff. ¶ 4.)

Rhino Express Delivery, LLC ("Rhino"), a business owned by Garth and Derek, had been a customer of the Bank since 2000. (*Id.* ¶ 2.) On January 8, 2003, the Bank made a loan to Garth and Derek in the amount of $100,718.41 for working capital for Rhino. (*Id.* ¶ 5.) The loan was evidenced by a promissory note signed by Garth and Derek. (*Id.* ¶ 5 & Ex. A.) This promissory note was secured by a second deed of trust on the Birchwood property. (Belk Dep. Ex. 4; Hudgens Aff. ¶ 5.) The Bank allowed the second deed of trust to be taken from the Bank, and it was returned to the Bank bearing the true signature of Garth and the forged signature of Plaintiff. (Belk Dep. 29; Hudgens Aff. ¶ 5.) When it was returned to the Bank, the second deed of trust was notarized by Laurel Shadwick. (Compl. ¶ 1.)

On October 17, 2003, another loan was made to Garth and Derek in the amount of $121,718.00 to be used in Rhino's operations. (Hudgens Aff. ¶ 7.) The loan was evidenced by a promissory note signed by Garth and Derek (*id.* ¶ 7 & Ex. B), and the promissory note was secured by a third deed of trust on the Birchwood property (Belk Dep. Ex. 5; Hudgens Aff. ¶ 7). The Bank allowed the third deed of trust to be taken from the Bank, and it was returned to the Bank bearing the true signature of Garth and the forged signature of Plaintiff. (Belk Dep. 32; Hudgens Aff. ¶ 7.) When it was returned to the Bank, the third deed of trust was notarized by Laurel Shadwick. (Compl. ¶ 2.)

In March 2004, Plaintiff learned that the payments on the first deed of trust were in default. (Belk Dep. 35-36.) Thereafter, Plaintiff received notices from the Bank that the loan was in default, but neither she nor Garth made payments on the loan. (*Id.* at 36-37.)

Plaintiff also received notice that the portion of the Birchwood property that was the subject of the first deed of trust was going to be sold. (*Id.*) On August 19, 2004, the substitute trustee sold that portion of the Birchwood property at a foreclosure sale. (*Id.* at 38-40 & Ex. 6.) Plaintiff attended the sale but did not bid on the property. (*Id.* at 38-39.)

On August 24, 2004, the Circuit Court of Hamilton County, Tennessee, entered a final judgment of divorce between Plaintiff and Garth. (*Id.* Ex. 1.) In the final judgment, the court granted possession and ownership of the Birchwood property to Plaintiff. (*Id.*)

### III.  ANALYSIS

Plaintiff alleges in her complaint that the actions of the Bank and Ms. Shadwick constitute "fraud, illegal banking practices and violations of *The Patriot Act.*" (Compl. ¶ 7.) Defendants, however, seek a summary judgment because "plaintiff cannot prove the element of causation in fact required in a negligence case" and because "[o]ne of the elements of negligence is injury and loss to the plaintiff" and Plaintiff "was not injured by the forgery of the second and third deeds of trust." (Court Doc. No. 9, Defs.' Br. in Supp. of Mot. for Summ. J. 9-10.)

Although Plaintiff does not explicitly set forth a cause of action for negligence in her complaint, Defendants apparently have requested a summary judgment on the assumption that Plaintiff implicitly states such a cause of action. Based on the facts alleged in the complaint and the liberal notice pleading requirements of the Federal Rules of Civil Procedure, the Court believes that Plaintiff conceivably could have stated a claim for negligence. As a result, and in the absence of any protest from Plaintiff, the Court will treat Plaintiff's complaint as if it did state a claim for negligence and will analyze Defendants' motion for summary judgment accordingly.

The Court also notes that it will treat Defendants' motion as a motion for partial summary judgment since Defendants have not moved for summary judgment with respect to the claims that are explicitly stated in Plaintiff's complaint – fraud, illegal banking practices, and violations of the Patriot Act.

As explained above, to prevail on their motion for summary judgment, Defendants must show that there is no genuine issue of material fact at issue with respect to Plaintiff's negligence claim and that they are entitled to judgment as a matter of law on that claim. The elements of a *prima facie* case of negligence are as follows: (1) a duty of care owed to the plaintiff by the defendant; (2) conduct falling below the applicable standard of care that amounts to a breach of the duty; (3) injury or loss; (4) causation in fact; and (5) proximate, or legal, cause. *McClenahan v. Cooley*, 806 S.W.2d 767, 774 (Tenn. 1991). In this case, Defendants assert that Plaintiff cannot prove the elements of injury or loss and causation in fact.[1]

Plaintiff alleges in her complaint that "[a]s a result of Northwest Georgia Bank refusing to release the fraudulent Deeds of Trust [ ] against the house[,] Plaintiff lost all equity in her home upon its foreclosure." (Compl. ¶ 6.) Defendants argue that Plaintiff was not injured by the forgery of her signature on the second and third deeds of trust because Plaintiff did not own an interest in the house.

Plaintiff also alleges in her complaint that the Birchwood property "was unable to be sold by your Plaintiff because of the forged Deeds of Trust which were outstanding against

---

[1] Defendants concede that Ms. Shadwick's actions in notarizing documents that had not been signed in her presence do, in fact, constitute a breach of the standard of care prescribed for notaries public. (Defs.' Br. in Supp. of Mot. for Summ. J. 7-8.)

-6-

it at the time. As a result thereof . . . , said home was foreclosed upon . . . ." (Compl. ¶ 3.) Defendants argue that the forgery of Plaintiff's signature on the second and third deeds of trust was not the cause in fact of Plaintiff's loss; rather, the loss was caused by Plaintiff's failure to pay the debt secured by the first deed of trust.

After reviewing the record in the light most favorable to Plaintiff, the Court concludes that there is no genuine issue of material fact regarding whether Plaintiff was injured by the forgery of her signature on the second and third deeds of trust. The evidence in the record on the subject shows that Plaintiff did not acquire an interest in the property prior to the foreclosure on August 19, 2004. Derek conveyed the Birchwood property to Garth by way of a quitclaim deed, and that deed does not list Plaintiff as a grantee. (Belk Dep. Ex. 3.) Further, Plaintiff states in her deposition that she did not acquire an interest in the property through any other conveyance and is not aware of any other deed from Garth to Plaintiff or from Derek to Garth and Plaintiff in which she is listed as a grantee by name. (*Id.* at 28.) The divorce decree purported to grant Plaintiff possession and ownership of the house (*id.* Ex. 1), but the foreclosure and sale had already taken place, and that portion of the property had been removed from Garth's ownership, before the final judgment of divorce. As a result, the evidence shows that the forgery of Plaintiff's signature on the second and third deeds of trust did not injure Plaintiff's interest in the Birchwood property, for she never had an interest in the portion of the property that was foreclosed and sold and she acquired her interest in the remainder of the property after the deeds of trust were executed.

Further, the Court concludes that there is no genuine issue of material fact regarding whether the forgery of Plaintiff's signature on the second and third deeds of trust was the cause in fact of any injury or loss allegedly sustained by Plaintiff. "Causation [in fact] refers

to the cause and effect relationship between the tortious conduct and the injury. . . . Cause in fact . . . deals with the 'but for' consequences of an act. The defendant's conduct is a cause of the event if the event would not have occurred but for that conduct." *Kilpatrick v. Bryant*, 868 S.W.2d 594, 598 (Tenn. 1993) (internal quotation marks and citations omitted). Under this "but for" test, "conduct cannot be a cause in fact of an injury when the injury would have occurred even if the conduct had not taken place." *Waste Mgmt., Inc. of Tenn. v. S. Cent. Bell Tel. Co.*, 15 S.W.3d 425, 430 (Tenn. Ct. App. 1997).

In this case, Plaintiff alleges that the existence of the second and third deeds of trust prevented her from selling the house, which resulted in foreclosure of the home. The facts in the record, however, do not bear out Plaintiff's assertions. First, even if the second and third deeds of trust had not existed, Plaintiff still would have been prevented from selling the house prior to the foreclosure. It was not the existence of the second and third deeds of trust that prevented Plaintiff from doing so; rather, she was prevented from selling the house because, as explained above, she did not have an ownership interest in the house. Second, even if the second and third deeds of trust had not existed, the foreclosure of the home would still have occurred. It was not the existence of the second and third deeds of trust that resulted in the foreclosure; rather, the foreclosure of the home stemmed from the default on the debt secured by the first deed of trust, about which there is no contention of forgery. (Belk Dep. 26 & Ex. 2.) Consequently, the record is clear that the second and third deeds of trust are not the causes in fact of Plaintiff's alleged injuries.

Thus, the record shows that there is no genuine issue of material fact with regard to the injury or loss and causation in fact elements of Plaintiff's negligence claim, and Defendants are entitled to judgment as a matter of law on that claim. Accordingly,

Defendants' motion for summary judgment will be **GRANTED**, and to the extent that Plaintiff stated a claim for negligence in her complaint, such claim will be **DISMISSED WITH PREJUDICE**.

IV. **CONCLUSION**

Based upon the facts of this case, which were viewed in the light most favorable to Plaintiff, and the applicable law, the Court concludes that no genuine issue of material fact exists regarding two elements of Plaintiff Belk's negligence claim against Defendants Northwest Georgia Bank and Shadwick and that the Defendants are entitled to judgment as a matter of law on that claim. Accordingly, to the extent Plaintiff asserted a claim of negligence in her complaint, Defendants' Motion for Summary Judgment with regard to Plaintiff's negligence claim will be **GRANTED**, and Plaintiff's negligence claim will be **DISMISSED WITH PREJUDICE**. Plaintiff's claims of fraud, illegal banking practices, and violations of the Patriot Act remain pending.[2]

A separate order will enter.

        *s/ Harry S. Mattice, Jr.*
        HARRY S. MATTICE, JR.
        UNITED STATES DISTRICT JUDGE

---

[2] The Court expresses no opinion as to whether such causes of action are supported by sufficient allegations to survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or by sufficient proof to survive a motion for summary judgment under Federal Rule of Civil Procedure 56. In the absence of a dispositive motion by Defendants, however, these causes of action will stand as pled.